## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **V.** | § | **CR. No. H-94-18-3** |
| | § | **C.A. No. H-05-2177** |
| **JOSE ROGELIO FRANCO,** | § | |
| | § | |
| **Defendant/Petitioner.** | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jose Rogelio Franco's ("Franco") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 191).[1]  After considering the petitioner's arguments and the applicable law, the Court is of the opinion that the motion should be denied.

### Background

On April 12, 1994, Franco pleaded guilty to one count of conspiracy to distribute over five kilograms of cocaine.  Dkt. No. 78.  Franco was sentenced on August 29, 1994 and judgment as to his sentence was entered on August 31, 1994.  Dkts. No. 110, 113.  Franco appealed his sentence, and on March 19, 1996, the Court of Appeals for the Fifth Circuit affirmed the judgment and order of this Court.  Dkts. No. 121, 135, 142.

Several years later, on October 20, 1998, Franco filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 150).  The Court ultimately denied this § 2255 motion as untimely and denied his subsequent motion for

---

[1] Citations in this Order refer to CR. No. H-94-18-3.

reconsideration.[2]  Dkts. No. 165, 169.

In 2002, Franco filed a Motion Under FED. R. CIV. P. 60(b) or Alternatively Under the All Writs Act, 28 U.S.C. § 1651.  Dkt. No.180.   The Court denied Franco's motion on the grounds that the Rule 60(b) request represented a second or successive attempt to litigate the claims adjudicated in his initial § 2255 motion and the All Writs Act did not provide an alternative or additional avenue of relief.  Dkt. No. 183.  The Court noted that to pursue a motion under Rule 60(b), Franco must first obtain leave to file a successive petition from the appropriate circuit court, an act which he failed to engage in.[3]  *Id.*

Finally, on June 21, 2005, approximately three years after the Court last issued an order in this case, Franco filed the present motion wherein he asserts that he was unconstitutionally sentenced in light of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  Dkt. No. 191 at 4; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).  The Court has not directed respondent to file an answer to the motion.

### Discussion

### A.    Franco's § 2255 Motion is Second or Successive

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court.  Section 2255 ¶8 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the

---

[2] Franco appealed the Court's rulings, but his appeal was dismissed for want of prosecution. Dkt. No. 174.

[3] Franco also appealed this decision, but his appeal was again dismissed for want of prosecution.  Dkt. No. 188.

2

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Section 2244(b)(3)(A), in turn, provides, "*[b]efore* a second or successive application permitted by this section *is filed in the district court*, the applicant *shall move in the appropriate court of appeals* for an order authorizing the district court to consider the application." (emphasis added). 28 U.S.C. § 2244(b)(3)(A). Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the district court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Moreover, in the Fifth Circuit, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was *or could have been* raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (emphasis added).

Franco could have raised his sentence-related challenges, albeit not precisely on *Booker* grounds, when he filed his first motion to vacate. *See United States v. Frazier*, 186 Fed. App'x. 490, 490 (5th Cir. 2006) (holding that "*Booker* is not a ground for filing a successive § 2255 motion"); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (denying authorization for filing a successive motion to vacate based upon *Booker*). Because the present motion presents claims that Franco could have raised in an earlier motion, the present motion is successive within the meaning of 28 U.S.C. § 2255.

3

Franco asserts that his "motion is not to be construed as second or successive.  Movant does not rely on a new rule that has been made retroactive by the Supreme Court.  Movant does not rely on new evidence or a claim of actual innocence."  Franco further asserts that this Court "has no authority to recharacterize" his motion to his prejudice "without notice and must reach the merits of the motion as presented." However, Franco specifically filed his motion pursuant to 28 U.S.C. § 2255.  There is thus no need to construe it as a § 2255 motion.  Additionally, whether the motion is successive requires no construction by the Court—the motion is either successive or it is not.  In this case, the motion is successive.[4]

In accordance with the legal standards cited above, Franco was required to seek and acquire the approval of the Fifth Circuit before filing the present § 2255 motion before this Court.  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Franco's motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over his § 2255 motion.  *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

**B.     Franco's § 2255 Motion is Untimely**

Franco's motion is also subject to dismissal because it is clearly time-barred.  A motion made under § 2255 is subject to a one-year statute of limitations, which begins to run when the judgment becomes final. 28 U.S.C. § 2255(1).  The Fifth Circuit and the Supreme Court have held that a

---

[4] Franco also appears to argue that, if the Court "recharacterizes" his motion as successive, he may pursue his claims pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated—the Eastern District of Texas—so as to avoid a "Suspension Clause problem." As Franco correctly recognizes, the district of incarceration is the proper venue for § 2241 petitions. Accordingly, this Court has no jurisdiction to construe the instant motion as arising under § 2241. More importantly, the savings clause of § 2255 provides no basis for raising *Blakely* and *Booker* claims in a § 2241 action. *See, e.g., Munoz v. Joslin*, No. 3:06-CV-0400-H, 2006 WL 3420137, at *1-3 (N.D. Tex. Nov. 27, 2006). The Fifth Circuit, moreover, has rejected the argument that an inmate "should be allowed to bring his *Blakely* and *Booker* claims pursuant to 28 U.S.C. § 2241 via the savings clause of § 2255" because such argument "is without merit." *See United States v. Broussard*, No. 05-61033, 2006 WL 3019215, at *1 (5th Cir. Oct. 24, 2006) (citing *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005)). In light of such precedent, the instant motion is not properly construed as a § 2241 petition even were movant incarcerated within the territorial confines of the Southern District of Texas.

judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As previously noted, Franco appealed his sentence and his appeal was returned on March 19, 1996. *See* Dkt. No. 142. Franco did not pursue any further direct appeals. Thus, Franco's conviction became final on June 19, 1996, when the 90-day period for filing a petition for writ of certiorari expired. *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Franco thus had one year from that date, or until June 19, 1997, to file a § 2255 motion. Franco's first motion—filed in 1998—was clearly time-barred. *See* Dkt. No. 165. His present motion is even more blatantly barred under the applicable statute of limitations because it was filed in June 2005, *eight years* after the expiration of the statutory deadline. Applying § 2255(1), Franco's motion is undoubtedly untimely.

Section 2255, however, also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Franco has not alleged any facts that would support the application of any other subsection other than (1).  Franco requests relief pursuant to *Booker* and thus implicitly argues that the beginning date of the applicable one-year limitations period should be reset to January 12, 2005, the date when the Supreme Court decided *Booker*.  However, the Fifth Circuit has ruled that *Booker* is not retroactive on collateral review for purposes of postconviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005).  That is, judgments that became final before January 12, 2005 may not claim relief pursuant to *Booker*.  Because Franco's conviction became final on June 19, 1996, the rule announced in *Booker* does not apply to his claims.  Additionally, Franco does not seek equitable tolling, nor does the record disclose any basis for such tolling.  *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases'") (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  Accordingly, Franco's motion is barred by the applicable statute of limitations.

It is beyond question that Franco waited more than one year after his conviction became final before filing the instant federal habeas petition.  Consequently, the present action is barred as untimely and should be dismissed even if Franco were to obtain permission from the Fifth Circuit before filing another habeas petition challenging his sentence. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Franco has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Franco's § 2255 motion nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Franco is not entitled to a COA as to any of his claims.

### Conclusion

For the foregoing reasons, Franco's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. No. 191) is **DISMISSED** because it is time barred and because Franco has failed to obtain permission from the Court of Appeals to proceed in this Court. 28 U.S.C. § 2255. Additionally, Franco is **DENIED** a Certificate of Appealability.

Finally, the Court notes that, in essence, this is Franco's *third* attempt at obtaining relief via a § 2255 motion or its equivalent. The Court hereby admonishes Franco from filing further successive § 2255 motions in this Court without receiving permission from the Fifth Circuit.

It is so **ORDERED**.

Signed this 20th day of February, 2008.

_John D. Rainey_

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

8